The opinion of the court was delivered by
McEnery, J.
The defendant was tried for murder, found guilty without capital punishment, and sentenced to imprisonment at hard labor for life. He appealed.
The trial judge ordered the clerk, in view of the possibility of exhausting the regular panel, to notify the jury commissioners to meet in open court and draw thirty additional jurors to pass upon defendant’s case.
The defendant complains that this list of jurors was not served on him two entire days before the trial. The list was not served on him, but a copy was served on his attorney. This was not a compliance with the law, as Sec. 992 of the Revised Statutes requires that the list be served on the defendant.
It is contended by the State that the law does not require that a list of jurors drawn under Sec. 7 of Act 44 of 1877, in anticipation of the exhaustion of the regular panel, should be served on the defend-' ant, as they are not a part of the regular venire, and are tales jurors, to be in attendance in case the panel should be exhausted.
Section 7 of said Act 44, we think, clearly distinguishes jurors *1169 drawn by the jury commissioners under the order of the court and those summoned instanter by the sheriff from among those in the court room and vicinity.
The authorities referred to by the district attorney, which dispense with the service of the list of jurors on the defendant, are in those cases where the jurors were summoned from among the bystanders by the sheriff for instant service, and when there was no time to serve the list on the defendant.
In the case of State vs. Stewart, 34 An. 1037, it was held that jurors drawn as talesmen, under Section 7 of Act 44 of 1877, although designated as such in the act, are not assimilated to talesmen drawn from among the bystanders, a list of whom can not be made and served on the accused in the time required by Section 992 of the Revised Statutes.
And it was further held that the list of tales jurors drawn in pursuance of said section of said act must be served on the defendant, in accordance with Section 992, Revised Statutes.
In that case the jurors were ordered drawn to serve generally at the term of court in all criminal eases. But we do not see in what manner the effect of the statute can be changed by ordering that the jurors serve on a particular case, as was done in the case of defendant.
It would seem that there is stronger reason for the service of the list of jurors in such case.
In the ease of State vs. Chambers, 45 An., objection was made that no list of the additional jurors, drawn in pursuance of Section 7 of Act 44 of 1877, had been served on the defendant two entire days before his trial, and that the order specified the particular ease in which they were to serve.
The judge ordered the jury commissioner to draw seventy-five additional jurors to serve on the case of defendant in that case. We held that this did not vitiate the drawing, and found that the list had been served on defendant in accordance with the law. We took occasion to say that the object of the statute, Sec. 992, R. S., in requiring a list of the jurors to be served on the defendant is that he may have an opportunity of inquiring into the character and qualifications of the jurors who are to pass on his ease, and be able to prepare with intelligence the challenges which he may wish to present.
In the case at bar the jurors were drawn for the special purpose *1170 of passing on defendant’s case, and as a fact some of them formed a part of the jury impaneled to try him. He was deprived of the-benefits of Sec. 992, R. S., and we think the trial judge erred in forcing him to trial over his objection that he had not been served with a list of jurors who were to pass on his case two entire days-before his' trial. 34 An. 1037; 45 An. 36.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and reversed, and it is now ordered that-this case be remanded to be proceeded with according to law.